IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**VALERIE BARNES**
7401 Calder Drive
Capitol Heights, MD 20743

      Plaintiff,

   v.                          Civil Action No. 15 - 2120

**UNITED STATES OF AMERICA,**
**SERVE:**
     Channing D. Phillips
     United States Attorney for
       the District of Columbia
     555 4th Street, NW
     Washington, DC 20530

**ALSO SERVE:**
     Loretta E. Lynch
     Attorney General of the
       United States
     U.S. Department of Justice
     950 Pennsylvania Avenue, NW
     Washington, DC 20530-0001

**ALSO SERVE:**
     The Honorable Jeh Johnson
     Secretary of Homeland Security
     The Honorable Jeh Johnson
     Secretary of Homeland Security
     Washington, D.C.  20528

      Defendant

## COMPLAINT
### (Negligence - Personal Injury and Property Damage)

Plaintiff, VALERIE BARNES, by and through her attorneys, J. Kevin Williams, and Williams and Williams, P.C., sues the above named Defendant, and for cause, respectfully represent as follows:

### FACTS COMMON TO ALL COUNTS

1.   Suit is brought for money damages for personal injury

and damage to property caused by the negligent or wrongful act or omission of an employee of the United States while acting within the scope of his or her office or employment, and this Court has jurisdiction over the within cause of action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

2.   A substantial part of the events or omissions giving rise to the claim occurred in this District, and venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(2).

3.   At all times mentioned herein, the Department of Homeland Security(hereinafter, "Homeland Security") was a "federal agency" within the meaning of 28 U.S.C. § 2671.

4.   On November 6, 2014, standard form 95 claims were filed, on behalf of the Plaintiff, with the Department of Homeland security pursuant to 28 U.S.C. § 2675(a), regarding the injuries and damages which were tortiously caused to the Plaintiff on November 26, 2013.  Plaintiff Barnes's claim requested damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).  On August 20, 2015, the Department of Homeland security finally rejected Plaintiff's administrative claims.  The instant suit is duly commenced within six months of the date of that rejection as required by 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9.

Count I

5.     That on or about November 26, 2013, at approximately 2:50 p.m., Plaintiff, VALERIE BARNES, was a pedestrian in the crosswalk on 14th Street, at or near the intersection with D Street, NW, both public streets, highways or thoroughfares in the District of Columbia. At the time and place aforesaid, Defendant's employee, Craig Wasster, was operating a motor vehicle on 14th Street, when he so negligently and carelessly operated his motor vehicle so as to collide with the Plaintiff, VALERIE BARNES, which caused Plaintiff, VALERIE BARNES, to sustain the injuries and damages hereinafter alleged.

6.   At said time and place, Craig Wasster ("Defendant's employee"), an agent, servant, or employee of the Department of Homeland security, who was an "employee of the government" within the meaning of 28 U.S.C. § 2671, was operating a vehicle owned by Defendant United States of America (hereinafter "United States") through its agency the Department of Homeland security, with the express permission or consent of Defendant United States, and as the agent, servant and employee of Defendant United States, acting within the course and scope of his or her employment.

7.   Pursuant to 28 U.S.C. § 1346(b), any and all negligence of Defendant's employee, while operating a United States owned motor vehicle and while acting within the course and scope of his or her employment with the Department of Homeland security, is imputed to Defendant United States.

8.   At all times mentioned herein, Defendant's employee, while acting as the agent, servant, and employee of Defendant United States, owed a continuing duty to operate the vehicle he

was driving in a reasonable and prudent manner, with due regard to other persons then and there lawfully upon said street.

9.   Defendant's employee, acting within the course and scope of his employment with Defendant United States, and Defendant United States, acting by and though its employee Craig Wasster, breached the duties owed to the Plaintiff.   The collision referred to herein was caused by the negligence of Defendant's employee who, <u>inter alia</u>,:

   (a)  Failed to obey the rules of the road;

   (b)  Failed to reduce speed to avoid a collision;

   (c)  Failed to keep a proper lookout;

   (d)  Failed to have and/or keep said motor vehicle under proper control;

   (e)  Failed to pay full time and attention to his or her driving;

   (f)  Failing to stay within his or her proper lane;

   (g)  Failing to drive within a single lane;

   (h)  Changing lanes without caution;

   (i)  Failing to yield the right of way;

   (j)  Colliding

Further, said Defendant, UNITED STATES OF AMERICA, violated statutory regulations governing traffic and motor vehicles in the District of Columbia, and Defendant, UNITED STATES OF AMERICA, was otherwise negligent and careless.

10.  As a direct and proximate result of the impact of the collision, the Plaintiff, VALERIE BARNES, was caused to sustain

serious personal injuries and she was otherwise injured. She also sustained severe shock to her nervous system and was otherwise internally and externally injured and she has and will suffer permanent loss of health and mental and physical power thereby.

11.     That the Plaintiff, VALERIE BARNES, has suffered and will for a long time in the future suffer great bodily pain, inconvenience and mental anguish. That she was and will in the future be obliged to undergo hospitalization and extensive medical care and treatment, all attended with pain and suffering and said injuries have had a permanent affect upon her health and well-being. She was rendered totally and partially incapacitated and sustained a loss of earning capacity past, present and in the future.

12.     That the sustained injuries have caused and will in the future cause Plaintiff, VALERIE BARNES, to pay and/or incur expenses for hospitalization and medical care and treatment and property damage.

13.     At all times mentioned herein, Plaintiff was free of any negligence or contributory negligence.

WHEREFORE, Plaintiff, VALERIE BARNES, requests judgment against the Defendant, UNITED STATES OF AMERICA, in the sum of Two Hundred Fifty Thousand ($250,000) Dollars, besides costs and interest.

LAW OFFICES
WILLIAMS AND WILLIAMS, P.C.

J. KEVIN WILLIAMS, Esq. #495146
Attorney for Plaintiff
8630 Fenton Street, Suite 930
Silver Spring, Maryland 20910

4