**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| VALERIE BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Civil Action No. 15-2120 (EGS) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

On November 26, 2013, pro se plaintiff Valerie Barnes ("Ms. Barnes") was crossing the street when she was allegedly struck by a vehicle driven by federal employee Craig Wasster. Ms. Barnes brings suit against Mr. Wasster's employer, the United States of America ("the defendant" or "the government"), for damages caused by his negligent driving pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et. seq.* Pending before the Court is the government's motion to dismiss for lack of subject matter jurisdiction. Def. Mot., ECF No. 16-1 (refiled). The Court has carefully considered the motion, the response and replies thereto, the applicable law, and the entire record herein. For the reasons set forth below, the Court finds that it lacks jurisdiction over Ms. Barnes' claim. Her action is **DISMISSED** in its entirety.

1

## II. Background

At the time of the collision, Ms. Barnes was employed as a Global Markets Coordinator by the U.S. Department of Commerce. OWCP Form, ECF No. 16-8.[1] On November 26, 2013 at about 2:50 pm,[2] Ms. Barnes was walking back to her office after picking up mail from another federal building when she was hit by a car in the crosswalk at 14th and D Streets Northwest. Compl. ¶5, ECF No. 1; OWCP Form, ECF No. 16-8. According to Ms. Barnes, the driver, Federal Protective Officer Craig Wasster, was "negligently and carelessly operat[ing] his motor vehicle" at the time. Compl. ¶ 5. Mr. Wasster reported that Ms. Barnes had walked into his passenger-side mirror while he was stopped. Police Report 5, ECF No. 16-6.

As a result of the incident, Ms. Barnes was injured, ultimately requiring hospitalization and extensive medical care. Compl. ¶ 10, 11, ECF No. 1. Beyond medical costs, Ms. Barnes

---

[1] In deciding whether to grant a motion to dismiss for lack of jurisdiction, a court may consider materials outside the pleadings. *Gulf Coast Mar. Supply v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017) (internal quotations and citations omitted).

[2] Ms. Barnes' complaint states that she was in the crosswalk "at approximately 2:50 pm." ¶ 5, ECF No. 1. However, her Workers' Compensation Form states that she was in the crosswalk at 11:45 am. *See* OWCP Form, ECF No. 16-8. Meanwhile, the police report states that the incident happened at 2:50 pm. Police Report, ECF No. 16-6. The Federal Protective Service, the driver's employing agency, also confirmed the incident happened at about 2:42 pm. FPS Report, ECF No. 16-5. In her reply, Ms. Barnes stated that the later time is accurate. Pl. Reply 2, ECF No. 12.

reportedly lost some degree of earning capacity because she was "rendered totally and partially incapacitated." *Id.*

On December 13, 2013, Ms. Barnes filed a "Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" with the U.S. Department of Labor, Office of Workers' Compensation Programs ("OWCP") pursuant to the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*. OWCP Form, ECF No. 16-8. On the form, Ms. Barnes indicated that she was injured "in performance of duty" because she was picking up mail from a "work area." *Id.* She stated that she sustained a shoulder bruise and neck, knee, and ankle sprains. *Id*. On December 24, 2013, her claim was accepted for benefits related to her "sprain of neck." *Id.*

On March 5, 2014, Ms. Barnes filed a FTCA claim against the Federal Protective Service, Mr. Wasster's employing agency. SF 95, ECF No. 16-3. On August 20, 2015, the agency denied Ms. Barnes' FTCA claim, stating that she is precluded from a FTCA remedy because her FECA workers' compensation claim was accepted. FTCA Denial, ECF No. 16-4. On December 8, 2015, Ms. Barnes filed this lawsuit.

### III. Standard of Review

A "pro se complaint is entitled to liberal construction." *Washington v. Geren,* 675 F. Supp. 2d 26, 31

3

(D.D.C. 2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)).[3] However, "[a] federal district court may only hear a claim over which it has subject-matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44 (D.D.C. 2017) (internal citation and quotation omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely . . . than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011)(internal citations omitted). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court "may consider materials outside the

---

[3] Ms. Barnes' complaint was filed with the assistance of counsel, but Ms. Barnes is now pro se and has been for most of this case. Thus, the Court will construe her arguments liberally.

4

pleadings" in determining whether it has jurisdiction to hear the case. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**IV. Analysis**

The government argues that the Court lacks subject matter jurisdiction over Ms. Barnes' FTCA claim because she was approved for workers' compensation benefits under FECA, an exclusive statutory scheme that provides compensation to federal employees injured on the job. Def. Mot. 4-6, ECF No. 16-1. In other words, because the Department of Labor approved Ms. Barnes' workers' compensation claim, the government argues that the Court lacks jurisdiction over her FTCA claim. *Id.* at 6. In response, Ms. Barnes argues that her workers' compensation claim should never have been approved because she was not performing official duties at the time of the incident. Pl. Opp'n, ECF No. 12; Pl. Mot., ECF No. 14. She states that she inadvertently listed the time of injury on the OWCP form as 11:30 am—the time she usually picked up the mail. In fact, Ms. Barnes was actually injured at 2:50 pm, when she was on leave. *Id.* Because the incident occurred while she was technically on leave, it follows that her claim should have been denied because she was not injured while performing official duties. Additionally, Ms. Barnes argues that the Court has jurisdiction over her FTCA claim because most of her injuries were not covered by workers'

5

compensation; she was approved only for benefits related to her sprained neck. *Id.* The government responds that any mistake made is immaterial because the Secretary of Labor, through the OWCP, determined that FECA applied and its decision is unreviewable— whether right, wrong, or incomplete. Def. Reply 3, ECF No. 16-2.

FECA provides that "the United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(1). If the Secretary of Labor determines that FECA applies because the employee was "injured while engaged in the performance of their official duties," that employee is "entitled under FECA to compensation for medical expenses, lost wages, and vocational rehabilitation." *United States v. Lorenzetti,* 467 U.S. 167, 169 (1984)(citing 5 U.S.C. §§ 8102-8107). This compensation scheme is comprehensive and exclusive of any other liability. *See* 5 U.S.C. § 8116(c)("[L]iability of the United States . . . is exclusive and instead of all other liability . . . in a civil action . . . or under a Federal tort liability statute."); *Chung v. Chao,* 518 F. Supp. 2d 270, 272 (D.D.C. 2007)("[FECA] establishes a comprehensive workers' compensation scheme under which federal employees or their survivors receive compensation, regardless of fault, for employment related injuries or deaths."). The Secretary of Labor's decision to grant or deny a

workers' compensation claim under FECA is "not subject to review by another official of the United States or by a court . . . ." 5 U.S.C. § 8128(b)(2); *see also Sw. Marine, Inc. v. Gizoni,* 502 U.S. 81, 90 (1991).

Here, the Secretary of Labor, via OWCP, determined that FECA applied to Ms. Barnes' claim. Therefore, because FECA's compensation scheme is exclusive and not subject to review, this Court has no jurisdiction over her FTCA claim. Congress created "an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Sw. Marine,* 502 U.S. at 90 (internal quotations and citations omitted).

The Court lacks jurisdiction *even if* the Secretary of Labor incorrectly determined that FECA covered to Ms. Barnes' claim. In *Spinelli v. Goss*, the plaintiff argued that the court had jurisdiction over his claim, regardless of his workers' compensation award, because the Secretary of Labor's determination that his claim was covered by FECA was based on "unsettled law." 446 F.3d 159, 161 (D.C. Cir. 2006). The plaintiff also argued that his claim was not barred because he did not receive compensation for the full extent of his injuries. *Id.* The United States Court of Appeals for the

7

District of Columbia Circuit found that it was of "no moment" whether coverage was unwarranted because "the Secretary's decision in this case settles the matter." *Id.* It was also "irrelevant" that the plaintiff had not received full compensation for his injuries. *Id.* Ultimately, because the plaintiff applied for and was granted benefits under FECA, "a substitute" for a federal tort claim, the Court lacked jurisdiction. *Id.* (quoting *Balancio v. United States*, 267 F.2d 135, 137 (2d Cir. 1959)). So here too.

When Ms. Barnes submitted a workers' compensation claim and was approved as covered under FECA, she was "guaranteed the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation, but in turn [she] los[t] the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). The Secretary of Labor, via the OWCP, accepted Ms. Barnes' claim and provided medical benefits for at least one of her conditions. As a result, she lost the right to sue the government under the FTCA. Ms. Barnes' exclusive remedy is the benefits awarded by the Secretary of Labor pursuant to FECA.[4] Accordingly, this Court is without jurisdiction to review the Secretary of Labor's decision and without jurisdiction to entertain Ms. Barnes' FTCA claim.

---

[4] Ms. Barnes could have appealed the compensation decision within thirty days after the OWCP issued its decision. 5 U.S.C. § 8124(b). The record does not establish whether Ms. Barnes pursued this appeal.

### V. Conclusion

Upon careful consideration of Ms. Barnes' arguments and the applicable law, defendant's motion to dismiss is hereby **GRANTED** for the aforementioned reasons. A separate Order accompanies this Opinion.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**January 3, 2018**